Case 2:20-cv-00619-AKK   Document 59   Filed 06/15/20   Page 1 of 3

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **PEOPLE FIRST OF ALABAMA, ET AL.,**  **Plaintiffs,**  v.  **JOHN MERRILL, ET AL.,**  **Defendants.** | **Civil Action Number 2:20-cv-00619-AKK** |

### PRELIMINARY INJUNCTON ORDER

Consistent with the contemporaneously-entered memorandum opinion, doc. 58, Governor Kay Ivey is entitled to sovereign immunity, and the plaintiffs' claims against Governor Ivey are **DISMISSED WITH PREJUDICE**. The plaintiffs' motion to expedite, doc. 42, is **MOOT**.

For the reasons explained in the memorandum opinion, doc. 58, including that the burdens imposed on certain voters by Alabama's witness requirement, photo ID requirement for absentee voters, and the state's de facto ban on curbside voting are not justified by the state's interests in enforcing those laws, the plaintiffs' motion for a preliminary injunction, doc. 15, is **GRANTED IN PART**. Accordingly, the court **ORDERS** that, as to the July 14 runoff elections:

(1) the defendant absentee election managers for Jefferson, Mobile, and Lee Counties are **ENJOINED** from enforcing the requirement under Ala. Code §§ 17-11-7; 17-11-9; and 17-11-10 that absentee ballot

affidavits be witnessed and signed by a notary public or two adult witnesses for any qualified voter who determines it is impossible or unreasonable to safely satisfy that requirement in light of the COVID-19 pandemic, and who provides a written statement signed by the voter under penalty of perjury that he or she suffers from an underlying medical condition that the Centers for Disease Control has determined places individuals at a substantially higher risk of developing severe cases or dying of COVID-19;

(2) the defendant absentee election managers for Jefferson, Mobile, and Lee Counties are **ENJOINED** from enforcing the requirement under Ala. Code §§ 17-9-30(b), (d); and 17-11-9 that absentee voters provide a copy of their photo identification with their absentee ballot applications for any qualified voter age 65 or older or with a disability who determines it is impossible or unreasonable to safely satisfy that requirement in light of the COVID-19 pandemic, and who provides a written statement signed by the voter under penalty of perjury that he or she is 65 or older or has a disability; and

(3) Secretary Merrill is **ENJOINED** from prohibiting counties from establishing curbside voting procedures that otherwise comply with state election law.

    Rule 65 provides that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in the amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). However, it is within the court's discretion to "'elect to require no security at all.'" *Transcontinental Gas Pipe Line Co., LLC v. 6.04 Acres*, 910 F.3d 1130, 1171 (11th Cir. 2018) (citation omitted). Because the defendants have not provided information regarding potential costs associated with enjoining the challenged laws and this matter involves issues of significant public concern, the court elects to waive the bond or security requirement for the plaintiffs.

    Finally, the court directs the parties to submit by June 23, 2020, an expedited discovery plan that has this matter ready for trial in September 2020.

    **DONE** the 15th day of June, 2020.

 

                                                                          _____
                                                                          **ABDUL K. KALLON**
                                                     UNITED STATES DISTRICT JUDGE