# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

PEOPLE FIRST OF ALABAMA, et al.,

    Plaintiffs,

v.

JOHN MERRILL, et al.

    Defendants.

Case No.: 2:20-cv-00619-AKK

## CONSENT ORDER

Plaintiffs People First of Alabama, Robert Clopton, Eric Peebles, Howard Porter, Jr., Annie Carolyn Thompson, Greater Birmingham Ministries, the Alabama State Conference of the NAACP, Black Voters Matter Capacity Building Institute, Teresa Bettis, Sheryl Threadgill-Matthews, and Gregory Bentley (collectively, "Plaintiffs") filed this action against Defendants Secretary of State John Merrill, the State of Alabama, JoJo Schwarzauer, Jacqueline Anderson-Smith, Karen Dunn Burks, James Majors, Gina Jobe Ishman, Debra Kizer, Ruby Jones Thomas, Johnnie Mae King, Carolyn Davis-Posey, Sherri Friday, James Naftel II, Bill English, Don Davis, Lashandra Myrick, Frank Barger, J.C. Love III, and Britney Jones-Alexander, in their official capacities (collectively, "Defendants").

In the Amended Complaint (Doc. 75), Plaintiffs allege that Defendants have enforced election laws and policies that violate the U.S. Constitution, the Voting

1

Rights Act of 1965 ("VRA"), and the Americans with Disabilities Act of 1990 ("ADA") and that Defendants have failed to protect the right to vote of Alabamians amid the COVID-19 pandemic.

Specifically, in the Amended Complaint, Plaintiffs seek to enjoin (1) the strict limitations on the categories of registered voters who may request and cast an absentee ballot, Ala. Code § 17-11-3; (2) the requirement that the affidavit that must be included with an absentee ballot be signed by a voter in the presence of either a notary or two adult witnesses, *id*. §§ 17-11-7 to 17-11-10; (3) the requirement that copies of photo identification accompany absentee ballot applications, *id*. § 17-9-30(b), and certain absentee ballots, *id*. §§ 17-11-9 and 17-11-10(c); and (4) the State's de facto ban on curbside voting (collectively, the "Challenged Provisions").

This Consent Order is entered into by and between Plaintiffs and Defendants Gina Jobe Ishman and J.C. Love, III, in their official capacities as the Circuit Clerk, Absentee Election Manager, and Probate Judge of Montgomery County, Alabama (collectively, "Montgomery County Defendants") only. Plaintiffs and the Montgomery County Defendants are collectively referred to herein as the "Parties."

The Parties, through counsel, have discussed the allegations and in exchanged relevant information, and agree that this action should be settled without further protracted and costly litigation. The Parties share the goal that all voting procedures shall comply with the U.S. Constitution, the VRA, the ADA Act, and other civil

rights laws. The parties have agreed to the entry of this Consent Order as an appropriate resolution of this action. The parties hereby stipulate to the following:

**FACTS**

1. This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1361. The Court has personal jurisdiction over the Montgomery County Defendants, who are sued in their official capacities as government officials for actions undertaken in such capacities.

2. J.C. Love III is the Probate Judge of Montgomery County, Alabama, and the chief election official in Montgomery County. As such, he is directly responsible for the conduct of federal, state, and county elections in Montgomery County, and is charged under Alabama law with among other duties, training poll workers and validating and canvassing election returns and ballots.

3. Gina Jobe Ishman is the Circuit Clerk and Absentee Election Manager for Montgomery County, Alabama. She conducts or oversees the absentee ballot process for elections in Montgomery County, and is charged under Alabama law with enforcing those Challenged Provisions that relate to absentee voting, processing and distributing absentee ballot applications, and issuing, validating, and canvassing absentee ballots.

4. The United States is in the midst of a public health emergency due to the exponential spread of COVID-19, the respiratory disease caused by the novel

coronavirus SARS-CoV-2. This public health emergency has deeply affected Alabama and is likely to continue to do so throughout the summer and fall of 2020, if not longer. COVID-19 has a particularly devastating effect on Black individuals and communities with higher rates of serious illness and death than other groups.

5. As a result of, COVID-19 the Centers for Disease Control and Prevention ("CDC") recommend that election officials encourage as many voters as possible to use "voting methods that minimize direct contact and reduce crowd size at polling locations."[1] The CDC has urged election officials to offer "alternatives to in-person voting," to take any "feasible options for reducing the number of voters who congregate indoors in polling locations at the same time," and to offer "drive-up voting for eligible voters," including offering "curbside voting for sick voters" or to any voters with COVID-19 like symptoms in order to "minimize exposure between poll workers and voters."[2]

6. The Plaintiffs filed their Amended Complaint (Doc. 75) in this action against, inter alia, the Montgomery County Defendants, on July 5, 2020, seeking injunctive and declaratory relief against the Challenged Provisions. Plaintiffs allege that, as applied in the COVID-19 crisis or on their face, the Challenged Provisions violate the First, Fourteenth, and Twenty-Fourth Amendments to the United States

---

[1] Ctrs. for Disease Control & Prevention, *Considerations for Election Polling Locations and Voters: Interim guidance to prevent spread of coronavirus disease 2019 (COVID-19)*, https://www.cdc.gov/coronavirus/2019-ncov/community/election-polling-locations.html.
[2] *Id*.

Constitution; Title II of the ADA, 42 U.S.C. § 12131; and Sections 2 and 201 of the VRA, 52 U.S.C. §§ 10301, 10302, 10501. *See* Amend. Compl., Doc. 75 at 66-77.

7. The Montgomery County Defendants do not admit that they have violated the U.S. Constitution, the ADA, or the VRA, but they recognize the importance of the concerns asserted by Plaintiffs and the Montgomery County Defendants acknowledge that the claims of Plaintiffs have a reasonable factual basis.

**AGREED REMEDIAL TERMS**

8. The Parties have agreed that this lawsuit should be resolved through the terms of this Consent Order. The Montgomery County Defendants are committed to fully complying with the mandates of the U.S. Constitution, the ADA, and the VRA in all elections. Therefore, the Parties stipulate that each provision of this Consent Order is appropriate and necessary. The Parties waive a hearing and entry of findings of fact and conclusions of law on all issues involved in this Consent Order.

The Court is satisfied that the parties' proposed order is in the public interest, and is a fair and reasonable resolution of the plaintiffs' claims.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

9. The Montgomery County Defendants, in their official capacities, agree to abide by any injunctions or orders of the Court affecting or relating to the enforcement of the Challenged Provisions or any other aspect of their authority,

duties, or policies related to the administration of any elections in Montgomery County.

10. If the Court orders declaratory and/or injunctive relief against the State of Alabama, Alabama Secretary of State, the probate judges, circuit clerks, and/or absentee election managers in this action, the Montgomery County Defendants agree to comply with the Court's orders and to act in good faith to cooperate with Plaintiffs and the Court in carrying out all duties, actions, and activities under that injunction that fall within the scope of the authority of the Montgomery County Defendants. Such reasonable and good faith efforts shall include, but are not limited to, instructing all local, county or other election officials or staff to accept any absentee ballot applications submitted or absentee ballots cast in compliance with any orders of this Court and acting to notify the public about any changes to election laws or voting procedures brought about by this Order or any other order entered by this Court. Except to the extent that this Court may enter any orders or injunctions that act to declare illegal or otherwise enjoin state laws, policies, or practices, nothing in this Consent Order should be construed to expand the scope of the authority of the Montgomery County Defendants. Nor should this Consent Order be construed to require the Montgomery County Defendants to expend additional funding beyond that which the State or the Montgomery County Commission has already allocated to the Montgomery County Defendants for elections and election administration.

11. If this Court enters any injunction, declaration, or order against the Secretary of State, the State of Alabama, probate judges, circuit clerks, and/or absentee election managers in this action that affect the procedures, policies, or processes for counting, accepting, or rejecting absentee ballot applications and/or absentee ballots and—if for any reason such injunction or order is subsequently stayed—the Montgomery County Defendants agree to apply the standards established by this Court's injunction or order to any absentee ballot application or absentee ballot received or postmarked between the date of this Court's injunction and the effective date of any stay order. Additionally, in the event this Court enters any injunction, declaration or order against the Secretary of State, the State of Alabama, probate judges, circuit clerks, and/or absentee election managers in this action, and that order is subsequently overturned by a higher court in a final judgment, the parties agree that the Montgomery County Defendants would no longer be bound by the terms of the Consent Order, but would instead be bound by the terms of any such final judgment.

12. The Montgomery County Defendants agree to make a good faith effort to implement any court ordered changes to Alabama laws or policies as requested in the Amended Complaint and contemplated by this Order before the November 3, 2020 election. The Montgomery County Defendants waive their right to appeal or

to seek a stay of any injunction entered by this Court enjoining the enforcement of any aspect of the Challenged Provisions.

13. The Montgomery County Defendants admit that Clay Helms, the Deputy Chief of Staff and Director of Elections for the Alabama Secretary of State, testified that a polling place with curbside voting would be feasible and permissible under Alabama law if the curbside voting site: 1) used e-poll books; 2) placed a tabulation booth at the site; and 3) assigned poll workers to work there. Doc. 34-1 ¶ 46.

14. Accordingly, if this Court enters an injunction, declaration, or any other relief permitting curbside voting, the Montgomery County Defendants agree to: (1) upon Plaintiffs' request, confer with Plaintiffs to identify the potential polling locations for curbside voting in any future elections, including the November 3, 2020 election; (2) exercise good faith and undertake reasonable efforts to provide curbside voting in a manner that complies with state and federal law and the CDC guidelines for voting in the COVID-19 pandemic in any future elections, including the November 3, 2020 election; and, (3) regardless of the pandemic, seek to ensure that polling locations are accessible to people with disabilities in a manner consistent with the ADA[3] and, if appropriate, to exercise good faith and undertake reasonable

---

[3] To assess and ensure that polling locations are ADA compliant, the Montgomery County Defendants agree to refer to the "Settlement Agreement between the United States of America and Jefferson County, Alabama Regarding the Accessibility of Polling Places," *available at* https://www.justice.gov/usao-ndal/press-release/file/905967/download.

efforts to offer curbside voting in a manner that complies with state and federal law at those polling locations that are otherwise inaccessible to voters with ambulatory or other disabilities in any future elections, including the November 3, 2020 election.

15. As between the Parties, each will bear its own costs, expenses, and fees associated with this action, including attorneys' fees and expert costs. The Montgomery County Defendants will not be compelled to pay for the costs, expenses, or fees of any other party to this action. However, this provision does not prevent the Plaintiffs from seeking costs, expenses, or fees as permitted by law against any other party.

16. This Order is binding on the Montgomery County Defendants, and—to the extent they perform any function relating to election activities—the Montgomery County Defendants' officers, clerks, attorneys, insurers, employees, representatives, or agents or anyone acting or authorized to act on their behalf. This Order is also binding on any successor in office to the positions of Circuit Clerk, Probate Judge, or Absentee Election Manager in Montgomery County.

17. The Montgomery County Defendants shall retain all records concerning or relevant to the subject matter of this action, this Order, or their efforts to comply with this Order or any other injunctions or orders entered by the Court in this litigation. Upon request, the Montgomery County Defendants shall produce

information and copies of any such materials to Plaintiffs within a reasonable period of time.

18. This Court shall retain jurisdiction over this action to ensure the Parties' compliance with this Order and to grant such supplemental, further, or corrective relief as the Parties may request or as the Court deems necessary or appropriate to ensure compliance with this Order, the U.S. Constitution, Voting Rights Act, and/or the Americans with Disabilities Act. The Parties shall endeavor to act in good faith to resolve any disagreements arising under this Order before applying to this Court.

19. Provided that the Montgomery County Defendants satisfactorily and timely comply with their duties under this Order and any of this Court's other injunctions or orders, the Montgomery County Defendants, individually, together and/or jointly with Plaintiffs, may move this Court to dissolve this Order on or after December 31, 2021. Before moving to dissolve this Order, the Montgomery County Defendants shall give Plaintiffs at least thirty (30) days prior notice and, at Plaintiffs' discretion, Plaintiffs may join or oppose any dissolution motion filed by the Montgomery County Defendants.

This Court, having considered the foregoing stipulation of the parties, has considered the terms of this Order and hereby incorporates and enters the terms and relief set forth herein.

ENTERED and ORDERED this ___ day of _____, 2020.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE