FILED

2020 Sep-30  PM 12:20
U.S. DISTRICT COURT
N.D. OF ALABAMA


# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **PEOPLE FIRST OF ALABAMA, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action Number** |
| **v.** | ) | **2:20-cv-00619-AKK** |
| | ) | |
| **JOHN MERRILL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FINAL JUDGMENT AND INJUNCTON ORDER

Consistent with the contemporaneously-entered findings of fact and conclusions of law, doc. 250, the plaintiffs' motion for reconsideration, doc. 229, is **DENIED**, and Judge Don Davis's and JoJo Schwarzauer's motions for judgment on partial findings, docs. 231, 233, are **MOOT**.  Based upon the court's findings of fact and conclusions of law, doc. 250:

**A.**   **JUDGMENT** is **ENTERED** in favor of the defendants on the following claims:

1. The claims asserted against Judge Davis challenging the photo ID requirement and the curbside voting ban;

2. Eric Peebles's, Howard Porter, Jr.'s, Annie Carolyn Thompson's, and Teresa Bettis's claims challenging the curbside voting ban;

3. Black Voters Matter Capacity Building Institute's ("BVM's") claims in Count II challenging the photo ID requirement and the curbside voting ban under the Americans with Disabilities Act ("ADA");

4.    The plaintiffs' claims in Count II presenting a facial challenge to the curbside voting ban under the ADA;

5.    Ms. Thompson's claim in Count II challenging the photo ID requirement under the ADA;

6.    The plaintiffs' claims in Count III challenging the curbside voting ban under Section 2 of the Voting Rights Act; and

7.    The plaintiffs' claims in Count V.

**B.    JUDGMENT** is **ENTERED** in favor of the plaintiffs on the following claims:

1.    Dr. Peebles's, Ms. Bettis's, Ms. Thompson's, BVM's, People First of Alabama, the Alabama Conference of the NAACP's, and Greater Birmingham Ministries'[1] claims asserted in Count I against Judge Davis and Ms. Schwarzauer challenging the witness requirement as applied in the COVID-19 pandemic;

2.    Ms. Thompson's and the organizational plaintiffs' claims asserted in Count I against Ms. Schwarzauer challenging the photo ID requirement as applied in the COVID-19 pandemic;

3.    Ms. Threadgill-Matthews's and the organizational plaintiffs' claims asserted in Count I against Secretary Merrill challenging the curbside voting ban as applied in the COVID-19 pandemic;

4.    People First's, the Alabama NAACP's, and GBM's claims asserted in Count II against Ms. Schwarzauer and the State challenging the photo ID requirement under the ADA;

5.    Ms. Threadgill-Matthews's, the Alabama NAACP's, and GBM's claims asserted in Count II against Secretary of State John Merrill challenging the curbside voting ban under the ADA; and

6.    Ms. Bettis's, Ms. Thompson's, and the organizational plaintiffs' claims asserted in Count III against Judge Davis, Ms.

---

[1] The court refers to BVM, the Alabama NAACP, People First, and GBM collectively as the "organizational plaintiffs."

Schwarzauer, and the State challenging the witness requirement under Section 2 of the Voting Rights Act.

Consistent with the judgment in favor of the plaintiffs, the court

**DECLARES**:

1.  As applied during the COVID-19 pandemic to voters who are particularly susceptible to COVID-19, the requirement under Ala. Code §§ 17-11-7, 17-11-9, and 17-11-10 that absentee ballot affidavits be witnessed and signed by a notary public or two adult witnesses violates the First and Fourteenth Amendments.

2.  As applied during the COVID-19 pandemic to voters who are particularly susceptible to COVID-19 complications because they are either age 65 or older or disabled or have underlying medical conditions that make them susceptible to COVID-19 complications, the requirement under Ala. Code §§ 17-9-30(b), (d), and 17-11-9 that absentee voters provide a copy of their photo identification with their absentee ballot applications violates the First and Fourteenth Amendments.

3.  As applied during the COVID-19 pandemic to voters who are particularly susceptible to COVID-19 complications, the curbside voting ban violates the First and Fourteenth Amendments.

4.  As applied during the COVID-19 pandemic to voters with disabilities who cannot safely obtain a copy of their photo ID, the requirement under Ala. Code §§ 17-9-30(b), (d), and 17-11-9 that absentee voters provide a copy of their photo identification with their absentee ballot applications violates the ADA.

5.  As applied during the COVID-19 pandemic to voters with disabilities, the curbside voting ban violates the ADA.

6.  As applied during the COVID-19 pandemic, the requirement under Ala. Code §§ 17-11-7, 17-11-9, and 17-11-10 that absentee ballot affidavits be witnessed and signed by a notary public or two adult witnesses violates the Voting Rights Act.

Therefore, the court **ORDERS** that, as to the November 3, 2020 general election:

1.  Judge Don Davis, JoJo Schwarzauer, and the State of Alabama are **ENJOINED**[2] from enforcing the requirement under Ala. Code §§ 17-11-7, 17-11-9, and 17-11-10 that absentee ballot affidavits be witnessed and signed by a notary public or two adult witnesses for any qualified voters who provide a written statement that they have an underlying medical condition that puts them at a heightened risk from COVID-19, and, thus, they cannot safely satisfy that requirement due to the COVID-19 pandemic;

2.  Ms. Schwarzauer and the State are **ENJOINED** from enforcing the requirement under Ala. Code §§ 17-9-30(b), (d), and 17-11-9 that absentee voters provide a copy of their photo identification with their absentee ballot applications for absentee voters over 65, or those under 65 who cannot safely obtain a copy of their photo ID during the COVID-19 pandemic due to an underlying medical condition that makes them particularly susceptible to COVID-19 complications, and who provide other required identifiers with their absentee ballot applications, such as their driver's license number and last four digits of their social security number; and

3.  Secretary Merrill is **ENJOINED** from prohibiting counties from establishing curbside voting procedures that otherwise comply with state and federal election law.

The court **ORDERS** the State and Secretary Merrill to take all reasonable steps to inform county probate judges, circuit clerks, and absentee elections managers about this injunction as quickly as possible.

---

[2] For defendants Judge Davis and Ms. Schwarzauer, the probate judge and circuit clerk of Mobile County, respectively, this injunction order applies only in Mobile County.

As the prevailing parties, the plaintiffs are entitled to costs and attorneys' fees.

The court will defer this issue until after the resolution of any appeal of this judgment

and order.

**DONE** the 30th day of September, 2020.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE