# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PEOPLE FIRST OF ALABAMA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN MERRILL, et al.,<br><br>Defendants. | Case No.: 2:20-cv-00619-AKK |

### PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL

Plaintiffs respectfully submit this brief in opposition to State Defendants' and Mobile County Defendants' (collectively, "Defendants") motion for a stay pending appeal of this Court's permanent injunction entered on September 30, 2020. Doc. No. 253. Defendants inappropriately treat *Purcell* as an inexorable command rather than part of the public interest-component of the stay inquiry. In any event, *Purcell*, too, counsels in favor of permitting the Court's injunction to take immediate effect.

Upon application for a motion to stay an injunction, Courts consider "(1) whether the stay application has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418,

1

426 (2009). The first two factors are the "most critical." *Id.* at 434. In addition to the familiar *Nken* factors, courts are required to weigh "certain considerations specific to election cases[,]" as outlined in *Purcell v. Gonzalez*. 549 U.S. 1, 4 (2006).

Notably, Defendants address the *Nken* factors only in passing and wholly ignore the likelihood of success on the merits. Instead, Defendants rely almost exclusively on *Purcell* in support of their stay motion. But even the considerations set forth in *Purcell* favor allowing the injunction to take effect. Indeed, each of the *Nken* factors favor Plaintiffs and, therefore, this Court did not abuse its discretion by enjoining the Challenged Provisions. For these reasons and those set further below, the Court should deny the stay.

### I. *Purcell* Neither Requires, Nor Favors a Stay

As this Court correctly found, *Purcell* "does not preclude the court from providing a remedy to the plaintiffs in this case." Doc. 250 at 117. In reaching this conclusion, this Court carefully weighed the considerations set forth in *Purcell* and determined that a permanent injunction would present no risk of confusing or deterring voters. Doc. 250 at 109–17. As *Purcell* itself explains, this Court's factual findings are "owed deference[]" and nothing in Defendants' motion counsels otherwise. 549 U.S. at 5.

Defendants argue that a stay is required under *Purcell* for three reasons: (1) the timing of the permanent injunction will cause confusion; (2) the Supreme Court

has stayed several injunctions or upheld stays regarding electoral standards during the COVID-19 pandemic, including in this case; and (3) that Defendants are not judicially estopped from relying on *Purcell* to object to changes to the Challenged Provisions for the November 3 election. Doc. 253 at 7. These contentions lack merit.

*First*, although the Supreme Court has "repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election," *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020) (citations omitted) ("*RNC*"), "these are not ordinary times," and it is hardly the eve of the election. *League of Women Voters of Va. v. Va. State Bd. of Elections*, No. 6:20-CV-00024, 2020 WL 2158249, at *8 (W.D. Va. May 5, 2020).

Courts have readily altered election rules within the timeframe allotted in this case. This Court is correct that *Purcell* does not create "a bright-line cutoff date" after which a federal court may no longer issue relief regarding impending elections. Doc. 250 at 109–10; *see also A. Philip Randolph Inst. v. Husted*, 907 F.3d 913, 918 (6th Cir. 2018) ("[T]he Supreme Court has never outlined a categorically higher burden for Plaintiffs who move for relief soon before an election, and this Court has explicitly rejected such a notion."). Indeed, in *RNC*, the Supreme Court did not stay all of the relief ordered by the district court despite the district court's injunction there coming much closer to the election than in the instant order. 140 S. Ct. at 1208. And the Eleventh Circuit has "declined in two recent cases to stay injunctions issued

immediately before and even after Election Day." Doc. 250 at 100 (citing *Democratic Executive Comm. of Fla. v. Lee*, 915 F.3d 1312, 1315 (11th Cir. 2019) and *Ga. Muslim Voter Project v. Kemp*, 918 F.3d 1262 (11th Cir. 2019) (mem.)). It cannot be and is not the case that "an aggrieved voter cannot challenge the purported abridgement of her franchise right" merely because it occurs or a court rules on such abridgement "after a set date before an election." *Id.* at 110. The doors of the courthouse are always open to aggrieved voters.

*Purcell* was primarily concerned "with voter confusion and consequent incentive to remain away from the polls." 549 U.S. at 4–5. Yet as this Court found, the permanent injunction is straightforward and "will not cause voter confusion or create an incentive for voters to remain away from the polls." *Id.* at 111, 113. Rather, ample "evidence from trial shows that Alabama's absentee voting laws are causing voters confusion as they stand." Doc. 250 at 113. Thus, permitting the injunction to take effect will likely *reduce* voter confusion, not cause it.

Moreover, as to the witness and photo ID requirements for absentee voters, "the order is taking away requirements placed on Alabama voters," therefore it is not likely to cause confusion or to "*cause* any voters to forgo voting altogether." *Id.* With respect to curbside voting, confusion is even less likely to occur. Doc. 250 at 113. Either the option will be offered in a particular county on Election Day or it will not be. Because no county is required to offer the accommodation, it is doubtful

4

"that the counties, if any, who opt to provide curbside voting will fail to publicize and inform their citizens that they are doing so." Doc. 250 at 113. Of course, concern about voter confusion did not stop Secretary Merrill from interfering on Election Day with counties who were already offering curbside voting in 2016 and 2018.[1]

*Second*, Defendants argue that *Purcell* is "almost certainly why" the Supreme Court issued a stay of the preliminary injunction in this case in July. But the Court did not explain its rationale for acting. And even if *Purcell* played a role, the Court was silent regarding *which* considerations weighed in favor of a stay. Defendants posit that "[n]othing has changed since then that makes issuing an injunction . . . any wiser this time round." Doc. 253 at 2. But, again, we do not know the reason for the Supreme Court's stay. And Defendants' argument ignores the numerous key distinctions between the preliminary injunction and permanent injunction. For example, the Court issued robust findings of fact after two weeks of trial regarding the harm to plaintiffs caused by the Challenged Provisions, and the relative lack thereof to Defendants. *See* Doc. 250 at 6–92. And the permanent injunction provides Statewide relief, while the preliminary injunction provided relief in three counties. *Compare* Doc. 251 *with* Doc. 59. The limited applicability of the preliminary

---

[1] Defendants' argument that Mr. Porter might rely on the Court's order and then be confused when curbside voting is unavailable on November 3 is disingenuous. Doc. 253 at 13–14. The order is clear that no county is required to offer curbside voting and Mobile County Probate Judge Davis emphatically stated at trial that he will not offer curbside voting. Doc. 250 at 105–06. If Mr. Davis changes his position, then any confusion would be due to his equivocation, not this Court's order.

injunction to only three counties ahead of an impending *statewide* primary election might have informed the Supreme Court's decision. And Defendants were not judicially estopped from raising *Purcell* in July. For these reasons, the Supreme Court's July stay does not counsel in favor of issuing a stay of the permanent injunction.

Neither *Little v. Reclaim Idaho*, No. 20A18, 2020 WL 4360897 (U.S. Jul. 30, 2020), nor *Clarno v. People Not Politicians*, No. 20A21, 2020 WL 4589742 (U.S. Aug. 11, 2020), counsel otherwise. As this Court recognized, both cases are readily distinguishable. Doc. 250 at 111–12, n.151, n.152.

*Third*, this Court correctly determined that Defendants should be judicially estopped from now relying on *Purcell* to object to Plaintiffs' requested relief. Defendants argued in May that Plaintiffs' requested preliminary injunction for November was too speculative, and they prevailed on that argument when this Court denied to Plaintiffs relief for November. Doc. 250 at 116 (citing Doc. 58 at 12). That Defendants made this concreteness argument before Plaintiffs filed an amended complaint makes no difference. Doc. 253 at 7. The permanent injunction implicates the identical Challenged Provisions and claims against which Defendants argued that Plaintiffs could not establish a concrete injury.

Defendants argue that judicial estoppel is not warranted because "it can *both* be that the Plaintiffs' allegations in May concerning the November election were too

6

speculative . . . *and* that equitable considerations warrant the denial of an injunction now[.]" Doc. 253 at 7–8. But judicial estoppel is not limited in its application only to precisely contradictory positions — "additional considerations may inform the [judicial estoppel's] application in specific factual contexts." *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001). Here, Defendants' position would place voters in an impossible position where the relief requested is both too early and too late. This is untenable. "To hold that an aggrieved voter cannot challenge the purported abridgement of her franchise right after a set date before an election [would] invite some officials to engage in shenanigans knowing that courts will not hear a challenge to their illegal conduct." Doc. 250 at 110. That is not and cannot be the law.

Defendants rely on *Memphis A. Phillip Randolph Inst. v. Hargett* to support their proposition that their *Purcell* argument is consistent with their earlier concreteness argument. Doc. 253 at 8 (citing No. 3:20-CV-00374, 2020 WL 4279623, at *7 (M.D. Tenn. July 21, 2020)). But that case is distinguishable. In *Hargett*, the plaintiffs sought to judicially estop defendants from making a laches argument in a separate action and in a separate forum than where the defendants originally raised the argument. The plaintiffs also sought to judicially estop a third defendant, who was not a party of the original action, from raising a laches argument. Here, this Court has judicially estopped the same parties from making a later inconsistent argument during the same action and in the same forum.

## II. The *Nken* Factors Favor Permitting the Injunction to Take Effect

Defendants will not be irreparably injured absent a stay. Defendants make much ado about ongoing absentee voting. Doc. 253 at 10. But nothing in the order harms Defendants or any voter who has already requested or cast absentee ballots.

Plaintiffs, however, will be substantially harmed by a stay. Defendants argue that voters "*factually*, . . . will still be able to vote by absentee ballot if they wish, [or] in person if they choose[.]" Doc. 253 at 12 (emphasis added). Yet this completely disregards this Courts' findings of fact. Under a stay, Plaintiffs and the members of the organizational Plaintiffs will not in fact be able to vote absentee "if they wish" because of the significant burdens and dangers imposed by the Challenged Provisions. Doc. 250 at 130–31, 132–33, 137. Plaintiffs are also avoiding voting in person because of the threat of COVID-19 transmission presented by polling places in the absence of curbside voting. Doc. 250 at 29–30, 42–43, 53.

It is precisely because "Alabama expects more people to vote absentee this election cycle than ever before[,]" Doc. 253 at 12, that the public interest demands permitting the permanent injunction to take effect immediately to protect the health of not merely Plaintiffs but all high-risk Alabama voters.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that this Court deny Defendants' motion to stay.

Respectfully submitted on Oct. 1, 2020,

/s/ Liliana Zaragoza
Deuel Ross*
Natasha C. Merle*
Liliana Zaragoza*
NAACP LEGAL DEFENSE &
   EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
P: (212) 965-2200
dross@naacpldf.org

Mahogane Reed*
NAACP LEGAL DEFENSE &
   EDUCATIONAL FUND, INC.
700 14th Street, NW, Suite 600
Washington, DC 20005
P: (202) 682-1300
mreed@naacpldf.org

Sarah Brannon*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street, NW
Washington, DC 20005-2313
P: (202) 675-2337
sbrannon@aclu.org

Randall C. Marshall [ASB-3023-A56M]
ACLU FOUNDATION
OF ALABAMA, INC.
P.O. Box 6179
Montgomery, AL 36106-0179
P: (334) 420-1741
rmarshall@aclualabama.org

/s/ Caren E. Short
Caren E. Short (ASB-0646-P48N)
Nancy G. Abudu*
SOUTHERN POVERTY LAW CENTER
PO Box 1287
Decatur, GA 30031
P: (404) 521-6700
caren.short@splcenter.org

T. Alora Thomas-Lundborg*
Davin M. Rosborough*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad St.
New York, NY 10004
P: (212) 549-2693
athomas@aclu.org

William Van Der Pol [ASB-211214F]
Jenny Ryan [ASB–5455-Y84J]
Maia Fleischman
ALABAMA DISABILITIES
 ADVOCACY PROGRAM
Box 870395
Tuscaloosa, AL 35487
P: (205)348-4928
wvanderpoljr@adap.ua.edu

Katrina Robson*
O'MELVENY & MYERS LLP
1625 Eye Street NW, Suite 1000
Washington, DC 20006
P: (202) 383-5300
krobson@omm.com

*Admitted *pro hac vice*
**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to counsel of record.

                                                    */s/ Deuel Ross*
                                                    Deuel Ross
                                                    *Attorney for Plaintiffs*