# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PEOPLE FIRST OF ALABAMA, et al.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **JOHN MERRILL, et al.,** ) <br> ) <br> **Defendants.** ) | **Civil Action Number 2:20-cv-00619-AKK** |

## ORDER

This action is before the court on the defendants' motion for stay pending appeal, doc. 253, which the plaintiffs oppose, doc. 256.  For the reasons below, the motion is due to be denied.

To determine whether to issue a stay, courts consider: "'(1) whether the stay applicant has made a strong showing that [they are] likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  *Hand v. Scott*, 888 F.3d 1206, 1207 (11th Cir. 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).  At issue here is whether under *Purcell v. Gonzalez*, 549 U.S. 1 (2006), these factors weigh in favor of a stay.  The defendants contend that the court issued its order enjoining certain provisions of Alabama election law too close to the November 3, 2020 election, *see* doc. 253 at 4-14, and, consequently, they are likely to succeed on the

merits. But, as the court explained in its conclusions of law, the *Purcell* principle does not preclude the court from providing relief to the plaintiffs in this case. *See* doc. 250 at 109-117. And, the defendants have not shown that the court erred in reaching that conclusion, or made a strong showing that they are likely to succeed on the merits of their appeal. Moreover, the defendants will not be irreparably injured absent a stay because enjoining enforcement of laws that violate federal law and the plaintiffs' fundamental right to vote does not harm the State or the county defendants. In contrast, staying the court's order would substantially injure the plaintiffs because, among other things, enforcement of the witness and photo ID requirement for absentee voting and the curbside voting ban imposes significant burdens on their right to vote under the First and Fourteenth Amendments. Thus, the public interest favors denying the stay. Therefore, for these reasons, the defendants' motion, doc. 253, is **DENIED**.

    **DONE** the 6th day of October, 2020.

                                                      _____
                                                        **ABDUL K. KALLON**
                                        UNITED STATES DISTRICT JUDGE